IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| William Isgar, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-00957-CV-W-HFS |
| ) | |
| Uber Technologies, Inc., et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff has filed a motion seeking leave to proceed in forma pauperis. According to 28 U.S.C. § 1915, the court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he or she is unable to pay the costs of the lawsuit. Andrews v. Nicholson, 2005 WL 2403449 *1 (W.D. Mo.).

The district court follows a two-step process in considering whether the applicant should be permitted to proceed in forma pauperis. Id. First, the court must determine whether the applicant qualifies by economic status, and, second, the court must determine whether under 1915(e) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. Id. The opportunity to proceed in forma pauperis is a privilege rather than a right, and should not be used to abuse the court's process. Broulette v. Spencer, 2005 WL 1009577 (W.D.Mo.).

Based on the financial affidavit provided, it is not clear whether plaintiff is financially unable to pay the filing fee, and qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915. Isgar's affidavit states that he is employed by Uber, Lyft, and two other unintelligible names. (Doc. 2). He lists his Net Income as $2000 and his Gross Income as $800 monthly. (Doc. 2). He also states that

he receives social security retirement and disability payments of approximately $900 per month. (Doc. 2). Even assuming Mr. Isgar qualifies for in forma pauperis status, a case may be dismissed at any time upon a finding that the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, plaintiff seeks leave to commence this action without payment of fees against various Uber-related entities. Any alleged harm is unclear and the complaint is vague, rambling, and not decipherable. Even giving the complaint the benefit of a liberal construction, plaintiff has not pled any facts linking any of the defendant to a particular cause of action. Further, plaintiff has not set forth a claim of constitutional dimension or a violation of federal law. <u>Caldwell v. Snyder</u>, 2011 WL 204879 (E.D.Ark). Therefore, the court finds this case frivolous within the meaning of 28 U.S.C. § 1915 ( e) (2)(B).

Furthermore, it appears that plaintiff has made the same or similar defective allegations in multiple cases before this Court, which have resulted in denials of motions for in forma pauperis status or dismissal. See, e.g., Nos. 16-cv-1098-HFS, 15-cv-796-JTM, 15-cv-817-HFS, 15-cv-996-FJG, 18-cv-524-FJG, 17-cv-1045-ODS, 17-cv-151-GAF.

Accordingly, the Court hereby GRANTS plaintiff's motion for leave to proceed in forma pauperis (Doc. 1), but DISMISSES plaintiff's Complaint under 28 U.S.C. Section 1915 ( e) (2) (B) for the reasons stated above. It is further ORDERED that the clerk of the court mail a copy of this order by regular and certified mail to plaintiff at: 9401 East 63 Street, #310, Raytown, Missouri 64133.

       /s/ Howard F. Sachs
**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

December 5, 2018

Kansas City, Missouri